DAVID FRIEDLANDER, complainant-appellant,

*v.*

GUTAV A. LEHR et al., defendants-respondents.

[Submitted May 27th, 1927.   Decided October 17th, 1927.]

1. A decree affirming a decree denying specific performance of a contract to convey realty on the ground that the title has passed beyond the defendants' control by conveyance to their daughter after the execution of the contract, is a bar to a subsequent suit against the daughter as well as the defendants, as she was in privity with them so far as liability could be predicated in the agreement for sale.

2. The test of the finality of a prior decree is that the earlier controversy must have been between the same parties or their privies and concerning the same matter.

3. Where one of the defendants against whom specific.performance of a contract to convey real estate was denied by a prior decree held a mortgage against the property, the complainant could not avoid the effect of the decree as to their grantee by offering to discontinue as to them and proceed only against the grantee, as the mortgagee is a necessary party to the suit.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll, whose opinion is reported in *99 N. J. Eq. 680.*

*Mr. William S. Darnell* and *Mr. George A. Bourgeois,* for the appellant.

*Messrs. Cole & Cole,* for the respondents.

The opinion of the court was delivered by

LLOYD, J.

A bill of complaint was filed by David Friedlander in the court below to compel the specific performance of an agreement between himself as vendee and Gustav Lehr and Bertha P. C. Lehr, his wife, as vendors for the conveyance of certain

real property. To the bill an answer was filed setting up, among other defenses, a former adjudication in the court of chancery upon the same cause of. action. At the inception of the hearing a motion was made to dismiss the bill on this ground. This motion was held in abeyance, the case proceeded to hearing and the bill was dismissed on its merits, the learned vice-chancellor holding that, having so decided, it was unnecessary to pass upon the motion to dismiss.

We think the bill should have been dismissed on the ground set out in the motion. The history of the case shows that shortly after the making of the agreement between Friedlander and the Lehrs the latter conveyed the property covered by the agreement to their daughter, Rose Schlicting, who conveyed to Thomas Delaney, but who in turn reconveyed to the daughter. All of this was before the first proceeding was begun, and was well known to Friedlander at that time. When the case had proceeded to a point where the vice-chancellor had announced his conclusions, appellant moved to have the bill amended so as to include Rose Schlicting, one of the present defendants. This motion was denied as was also a motion to have the bill dismissed without prejudice. On appeal to this court there was an affirmance, the decision resting on the ground that the title being out of the control of the defendant a decree directing performance of the agreement would be futile, and, therefore, was properly denied. This court, in this situation, did not consider the propriety of the dismissal based on the merits of the case.

When this decree was set up in the present case, it appearing to be a formal adjudication of the rights of the appellant against the Lehrs, it was a bar to further proceedings against them. This must be conceded, but it is claimed that the decree is not a bar to the new suit against Rose Schlicting.

We think this contention unsound. The test of finality is that the earlier controversy must have been between the same parties *or their privies,* and concerning the same subject-matter. That the former suit involved the same subject-matter there can be no doubt, nor can there be any doubt

that Rose Schlicting was in privity with the Lehrs in so far as liability could be predicated on the sale agreement. It was only by virtue of this writing that liability could attach to any of the present parties. If the agreement could not or ought not to be enforced as against the Lehrs, obviously enforcement could not go against their grantee.

At the trial appellant appreciating the effect of the earlier decree as to the Lehrs, offered to discontinue as to them and proceed only against Rose Schlicting, but this course if followed would not avail. Gustav Lehr still held a mortgage against the property which Rose Schlicting could not control. Lehr was therefore a necessary party, and the same legal difficulties, though reversed as to persons, would exist as when the case was here before.

We think the decree was properly dismissed, but on the ground herein recited, and it is therefore affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, DEAR, JJ.    12.

*For reversal*—None.